**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Parker O'Neil Wideman,<br><br>      Plaintiff,<br><br>   v.<br><br>Innovative Fibers, LLC and Stein Fibers, Ltd.,<br><br>      Defendants. | Case No.  7:22-cv-00418-DCC |
| Riley C. Draper,<br><br>      Plaintiff,<br><br>   v.<br><br>Innovative Fibers, LLC and Stein Fibers, Ltd.,<br><br>      Defendants. | Case No.  7:22-cv-00419-DCC |
| William F. Douglass and Jessica L. Douglass,<br><br>      Plaintiffs,<br><br>   v.<br><br>Innovative Fibers, LLC and Stein Fibers, Ltd.,<br><br>      Defendants. | Case No.  7:22-cv-00420-DCC |

**MEMORANDUM IN SUPPORT OF DEFENDANT STEIN FIBERS, LTD.'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Federal Rules of Civil Procedure 12(b)(2), Defendant Stein Fibers, Ltd. ("Stein Fibers") moves to dismiss the claims filed by Plaintiffs Parker O'Neil Wideman, Riley C. Draper, William F. Douglass and Jessica L. Douglass (collectively, "Plaintiffs") against it because this Court lacks personal jurisdiction over Stein Fibers.

1

## INTRODUCTION

In the three above-captioned lawsuits, Plaintiffs brought claims against two separate corporate entities. Stein Fibers is a company organized under the laws of New York with its principal place of business in Albany, New York. Stein Affidavit attached hereto as **Exhibit A**, at ¶4. This Court does not have general personal jurisdiction over Stein Fibers because Stein Fibers' home state is New York. Stein Fibers is a wholly separate and distinct company from the other Defendant Innovative Fibers, LLC ("Innovative Fibers"). *Id.* at ¶5. Although Stein Fibers and Innovative Fibers (collectively, "Defendants") have some common ownership, the two are operated as separate and distinct legal entities.

The three lawsuits arise from an alleged explosion at a facility owned by Innovative Fibers in Spartanburg, South Carolina (the "Innovative Fibers facility"). (Compl. ¶¶12-15, ECF No. 1-1); **Exhibit A** at ¶7. Stein Fibers has no involvement in the operation of the Innovative Fibers facility where Plaintiffs were injured. **Exhibit A** at ¶¶7-8. Furthermore, Stein Fibers has no relationship with Plaintiffs' employer or the work Plaintiffs performed at the Innovative Fibers facility. *Id.* at ¶¶17-18. Stein Fibers has, at best, minimal contacts in South Carolina. *See id.* at ¶¶19-21. However, this Court lacks specific personal jurisdiction over Stein Fibers because Plaintiffs' claims did not arise out of Stein Fiber's contacts with South Carolina. The Court must dismiss Plaintiffs' claims against Stein Fibers for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).

## STATEMENT OF FACTS

Stein Fibers is a New York corporation with its principal place of business in Albany, New York. **Exhibit A** at ¶4. The headquarters of Stein Fibers and where its officers direct, control, and coordinate Stein Fibers' activities is located in Albany, New York. *Id.* Stein Fibers is not a

subsidiary or parent of Innovative Fibers, and the two Defendants do not share a common parent entity. *Id.* at ¶5. The Defendants do not have common managers and do not share employees. *Id.* at ¶6. Stein Fibers and Innovative Fibers each possess an individual Employer Identification Number (EIN) issued by the Internal Revenue Service (IRS) for tax and financial reporting purposes. *Id.* at ¶12. Stein Fibers does not make hiring decisions for employees of Innovative Fibers. **Exhibit A** at ¶14. Innovative Fibers makes its own hiring and contracting decisions. *Id.* The employees of Defendants have separate email domains and are paid from different bank accounts. *Id.* at ¶¶15-16. Put simply, the only commonality between the Defendants is that they share some common ownership.

Plaintiffs allege that they suffered injuries on November 1, 2021, from an explosion at the Innovative Fibers facility located in Spartanburg, South Carolina while performing work at the facility. (Compl. ¶¶15-16, ECF No. 1-1). Innovative Fibers contracted with Plaintiffs' direct employer, Advanced Environmental Options, Inc. ("AEO"), to perform cleaning services at the Innovative Fibers facility. **Exhibit A** (Exhibit A (Contract)). The contract only references Innovative Fibers and makes no mention of Stein Fibers. *Id.* In addition, AEO only communicated with employees of Innovative Fibers to perform work at the Innovative Fibers facility. *Id.* (Exhibit B (Email correspondence)). The email exchange makes no mention of Stein Fibers. *Id.* Stein Fibers was not involved in the business relationship between Innovative Fibers and Plaintiffs' direct employer, AEO. *Id.* at ¶18. The decision to engage AEO for work at the Innovative Fibers was made solely by employees of Innovative Fibers. *Id.*

Furthermore, Stein Fibers has no involvement in the Innovative Fibers facility. **Exhibit A** at ¶7. Stein Fibers is not a party to the lease related to the building. *Id.* Moreover, the equipment

3

in the Innovative Fibers facility is owned by Innovative Fibers, not Stein Fibers. *Id.* Nevertheless, Plaintiffs seek to include Stein Fibers as a Defendant in these lawsuits.

Stein Fibers has, at best, minimal contacts in South Carolina, but Plaintiffs' claims do not arise out of those contacts. Stein Fibers has a bailment relationship with Royal Processing Co., Inc. ("Royal Processing") located at 5950 North Main Street, Cowpens, South Carolina (the "Cowpens Warehouse"), approximately twenty miles away from the Innovative Fibers facility where Plaintiffs were allegedly injured. **Exhibit A** at ¶¶19-20. Royal Processing stores and distributes Stein Fibers' product at the Cowpens Warehouse. *Id.* The Cowpens Warehouse is not owned by Stein Fibers. *Id.* at ¶20. The Cowpens Warehouse, Stein Fibers' relationships, and any Stein Fibers' sales have nothing to do with the claims in this lawsuit, the incident on November 1, 2021, or the contract between Innovative Fibers and Plaintiffs' direct employer, AEO. *Id.* at ¶¶20-21.

## STANDARD OF REVIEW

A challenge to personal jurisdiction under Fed. R. Civ. P. 12(b)(2) "is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Ameristone Tile, LLC v. Ceramic Consulting Corp., Inc.*, 966 F.Supp.2d 604, 610 (D.S.C. 2013). "In deciding the jurisdictional issue, the court may consider pleadings, affidavits, and other evidentiary materials." *Ameristone Tile, LLC*, 966 F.Supp.2d at 610. A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure. *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622-23 (4th Cir. 1997).

"In order for a court to validly exercise personal jurisdiction over a non-resident defendant: (1) a statute must authorize service of process on the non-resident defendant, and (2) the service of process must comport with the Due Process Clause." *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997). South Carolina's long-arm statute has been construed to extend to the constitutional limits allowed by the Due Process Clause. *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012); *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). "Thus, the scope of the court's inquiry is whether defendants have 'certain minimum contacts' with the forum, such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Ameristone Tile, LLC*, 966 F.Supp.2d at 610 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

## ARGUMENT

Stein Fibers is not subject to general personal jurisdiction because Stein Fibers is not "at home" in South Carolina. In addition, Stein Fibers is not subject to specific personal jurisdiction because Plaintiffs' claims do not arise out of any contacts Stein Fibers has with South Carolina. The alleged incident occurred at a facility owned by Innovative Fibers, a wholly separate entity, as a result of Plaintiffs' work performed pursuant to a contract between Innovative Fibers and Plaintiffs' direct employer, AEO. As a result, Stein Fibers must be dismissed for lack of personal jurisdiction.

**I.      The Court does not have general jurisdiction over Stein Fibers because Stein Fibers is not "at home" in South Carolina.**

"The analytical framework for determining whether minimum contacts exist differs according to which type of personal jurisdiction—general or specific—is alleged." *Callum v. CVS Health Corp.*, 137 F.Supp.3d 817, 834 (D.S.C. 2015) (citing *Centricut, Inc.*, 126 F.3d at 623-24.). General jurisdiction is proper only if the defendant's contacts are "so continuous and systematic

as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks and citation omitted).

In South Carolina, a district court may exercise personal jurisdiction over a non-resident defendant to the full extent allowed by the Due Process Clause of the U.S. Constitution, but may not exercise jurisdiction over foreign defendants that lack "minimum contacts" with South Carolina. *Sunny Days Enter., LLC v. Traxxas, L.P.*, 376 F.Supp.3d 654, 659-60 (D.S.C. 2019) (Coggins, J.) (citing *Christian Sci. Bd. of Dirs. of First Church of Christ, Sci. v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940))); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997);

Stein Fibers is not subject to "general" jurisdiction (also known as "all-purpose jurisdiction," based on a defendant's overall contacts with the forum state) because Stein Fibers is not incorporated in South Carolina; its principal place of business is not in South Carolina; and it does not have "continuous and systemic" contacts in South Carolina and therefore cannot possibly be considered "at home" there. *See Sunny Days*, 376 F.Supp.3d at 660 (citing *Daimler,* 571 U.S. at 138-39).

A bailment relationship in South Carolina is not enough to establish general jurisdiction over Stein Fibers. The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

6

The Court in *Daimler* specifically rejected as "unacceptably grasping" the Plaintiff's invitation to look beyond the paradigm bases and "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business." *Daimler*, 571 U.S. at 138. Significantly, the Court in *Daimler* refused to permit California to exercise jurisdiction over the defendant manufacturer even though one of its business units was "the largest supplier of luxury vehicles to the California market"; it had "multiple California-based facilities;" and it derived $4.6 billion from its California-based sales. *Id.* at 123, 148; *see also Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 922 (2011) (rejecting the plaintiffs' attempt to assert jurisdiction over a defendant whose tires reached the forum state as a result of a "highly-organized distribution process."). Moreover, only in the "exceptional case" may general jurisdiction be established in a forum state other than the state of incorporation or the principal place of business. *Daimler*, 571 U.S. at 139 n.19.[1]

In setting forth these principles, the Supreme Court has held that "a corporation's continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Daimler*, 571 U.S. at 132 (internal quotations omitted); *Int'l Shoe*, 326 U.S. at 318. Otherwise any company doing business in any State would effectively be subject to **any** lawsuit there, which is an "unacceptably grasping" position and impermissible under the Due Process clause. *Daimler*, 571 U.S. at 137-38 (emphasis added).

---

[1] The Supreme Court has also recognized the importance under the Due Process Clause of predictability in the legal system. As stated in *Daimler*, "exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." 571 U.S. at 139; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

In sum, Stein Fibers is not subject to general jurisdiction because Stein Fibers is not a South Carolina corporation, its principal place of business is not in South Carolina, and its limited activities in South Carolina are not an "exceptional case" under *Daimler*.

**II.     The Court lacks specific jurisdiction over Stein Fibers because Stein Fibers does not have minimum contacts with South Carolina and Plaintiffs' claims do not arise out of Stein Fibers' contacts with South Carolina.**

Likewise, Stein Fibers is not subject to "specific" jurisdiction (based on the conduct alleged in the lawsuit) because Stein Fibers has not "purposefully availed itself of the privilege of conducting activities in the state."[2] *Sunny Days*, 376 F.Supp.3d at 660 (citing *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)). Specific jurisdiction may be established only when the defendant's contacts with the forum state provide the basis for the lawsuit. *Callum*, 137 F.Supp.3d at 834. Under the Fourth Circuit's three-prong test for specific jurisdiction, a court must consider "'(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" *Id.* (quoting *ALS Scan, Inc.*, 293 F.3d at 712).

First, Stein Fibers has not purposefully availed itself in South Carolina. "The requirement of purposeful availment 'is not susceptible to mechanical application.'" *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F.Supp.2d 398, 406 (D.S.C. 2012) (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009)).

> However, courts have examined several nonexclusive factors in examining purposeful availment:

---

[2] *ALS Scan* provides a three-part test for specific jurisdiction, the first prong of which is this purposeful availment analysis. 561 F.3d at 278. The second and third prongs only come into play "if, and only if, [the court finds] that the plaintiff has satisfied the first prong of the test." *Id.* If Stein Fibers demonstrates that there is no "purposeful availment," the analysis of the second and third prongs is not necessary.

8

> (1) whether defendant maintains offices or agents in the forum state;
>
> (2) whether defendant owns property in the forum state;
>
> (3) whether defendant reached into the forum state to solicit or initiate business;
>
> (4) whether defendant deliberately engaged in significant or long-term business activities in the forum state;
>
> (5) whether the parties contractually agreed that the law of the forum state would govern disputes;
>
> (6) whether defendant made in-person contact with the resident in the forum state regarding the business relationship;
>
> (7) the nature, quality, and extent of the parties' communications about the business being transacted; and
>
> (8) whether the performance of contractual duties was to occur within the forum.

*Id.* "The purposeful-availment test is flexible, and [the court's] analysis proceeds on a case-by-case basis." *Tire Eng'g & Distrib., LLC v. Shandong Linlong Rubber Co., Ltd.*, 682 F.3d 292, 302 (4th Cir. 2012).

Stein Fibers does not own or lease any real property in South Carolina. **Exhibit A** at ¶9. Stein Fibers has not agreed that South Carolina law should govern its disputes. *Id.* at ¶10. Stein Fibers has no employees in South Carolina. *Id.* at ¶11. Stein Fibers did not make in-person contact with Plaintiffs or Plaintiffs' employer. *Id.* at ¶¶17-18. Stein Fibers was not a party to any contract at issue in this case and had no involvement in any contract at issue in this case. *Id.* Stein Fibers made no communications with Plaintiffs or Plaintiffs' direct employer, AEO. **Exhibit A** at ¶17-18. Plaintiffs' work was solely performed at the Innovative Fibers facility and Stein Fibers has no involvement in the operation of that facility. *Id.* at ¶7. Thus, Stein Fibers did not purposefully avail itself to establish personal jurisdiction in South Carolina.

Second, assuming *arguendo* that Plaintiffs could meet the first prong for specific jurisdiction under *ALS Scan*, Plaintiffs cannot establish that their claims arise out of Stein Fibers' activities directed towards South Carolina. "For a State to exercise jurisdiction consistent with due process, the *defendant's suit-related conduct must create a substantial connection* with the forum State." *Walden*, 571 U.S. at 284 (emphasis added). *See also Burnham v. Super. Ct. of Cal.*, 495 U.S. 604, 620 (1990) ("when the 'minimum contact' that is a substitute for physical presence consists of property ownership it *must, like other minimum contacts, be related to the litigation*." (emphasis added)); *Callum*, 137 F.Supp.3d at 834 (plaintiff's claims must "arise out of those activities directed at the State"). Here, Plaintiffs' alleged injuries did not arise from any of Stein Fibers' activities in or directed toward South Carolina. Plaintiffs' Complaints allege that the incident in which Plaintiffs were injured occurred at 185 Littlejohn Street in Spartanburg, South Carolina. (Compl. ¶¶8, 15, ECF No. 1-1). Stein Fibers has a bailment relationship with a warehouse in Cowpens, South Carolina. **Exhibit A** at ¶¶19-21. Plaintiffs' injuries occurred at a wholly separate facility operated by Innovative Fibers that is located approximately 20 miles away from the warehouse. *Id.* at ¶¶7, 19-20. The warehouse and Stein Fibers' bailment relationship there had nothing to do with the incident that injured the Plaintiffs. The Court lacks specific jurisdiction over Stein Fibers because the second prong of the specific jurisdiction analysis is also not met.

### III. The activities of Innovative Fibers in South Carolina does not create personal jurisdiction over Stein Fibers.

Plaintiffs incorrectly assert that "Defendant Innovative Fibers is a subsidiary of Defendant Stein Fibers. . . ." (Compl. ¶7, ECF No. 1-1). However, even if Stein Fibers was the parent company of Innovative Fibers, which it is not, a parent-subsidiary relationship will not subject a parent to personal jurisdiction based on the activities of a subsidiary in South Carolina. *Gray v.*

*Riso Kagaku Corp.*, No. 95-17411996 WL 181488, at *3 (4th Cir. April 17, 1996); *see also, e.g., Watters v. Kirk*, No. 0:12-cv-338-CMC, 2012 WL 831452, at *3 (D.S.C. Mar. 12, 2012). *See also Builder Mart of Am., Inc. v. First Union Corp.*, 349 S.C. 500, 510-511, 563 S.E.2d 352, 357-58 (S.C. Ct. App. 2022), *overruled to limited extent on other grounds by Farmer v. Monsanto Corp.*, 579 S.E.2d 325 (S.C. 2003)) ("A large majority of courts in more recent cases have uniformly declined to extend jurisdiction to the parent based *solely* on the activities of a subsidiary where those activities are *unrelated to the cause of action* and do not bear a substantial connection to the case at hand." (emphasis in original)). "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Thus, any alleged parent-subsidiary relationship between Stein Fibers and Innovative Fibers is without merit to establish personal jurisdiction over Stein Fibers.

Lastly, Plaintiffs do not allege in their Complaints that Stein Fibers is the "alter ego" of Innovative Fibers nor does Plaintiffs' Complaints allege any facts that would establish "alter ego" liability under the law in this District. *See ScanSource, Inc. v. Mitel Networks Corp.*, 2011 WL 2550719 at *6 (D.S.C. June 24, 2011) (citing *Builder Mart of Am., Inc. v. First Union Corp.*, 563 S.E.2d 352, 358 (S.C. Ct. App. 2002), *overruled to limited extent on other grounds by Farmer v. Monsanto Corp.*, 579 S.E.2d 325 (S.C. 2003)). Stein Fibers and Innovative Fibers are separate and distinct legal entities and operated as such. **Exhibit A**, at ¶¶4-5.

## **CONCLUSION**

For the reasons set forth above, this Court lacks general and specific personal jurisdiction over Stein Fibers. To exercise personal jurisdiction in this situation would certainly violate "traditional notions of fair play and substantial justice." Stein Fibers should be dismissed from the

above-captioned lawsuits under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

Respectfully submitted,

*s/ H. Sam Mabry, III*
H. Sam Mabry, III, Fed Id No.: 3252
Email: smabry@hsblawfirm.com
Jonathan D. Klett, Fed Id No.: 12858
Email: jklett@hsblawfirm.com
**HAYNSWORTH SINKLER BOYD, P.A.**
ONE North Main, 2nd Floor
Greenville, South Carolina 29601
Telephone:  864-240-3200

K. Lindsay Terrell, Esq. (Federal Bar #4045)
Chad M. Graham, Esq. (Federal Bar #11569)
**The Ward Law Firm, P.A.**
Post Office Box 5663
Spartanburg, SC  29304
Tel:     (864) 573-8500
Fax:    (864) 585-3090

*ATTORNEYS FOR DEFENDANTS INNOVATIVE FIBERS, LLC AND STEIN FIBERS, LTD.*

March 3, 2022
Greenville, South Carolina